Citation Nr: 1528183 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 11-33 006 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial rating in excess of 30 percent for an anxiety disorder, not otherwise specified (NOS), claimed as posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

S. Mishalanie, Counsel



INTRODUCTION

The Veteran served on active duty from January 1965 to October 1966.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO), which granted service connection and assigned an initial noncompensable rating for anxiety disorder, effective May 6, 2009. 

In a November 2011 rating decision, the RO found clear and unmistakable error in the portion of the November 2009 rating decision assigning an effective date of May 6, 2009. The RO revised that decision granting an effective date of September 3, 2009 and also increased the rating for anxiety disorder to 30 percent effective September 3, 2009. Because the Veteran is presumed to seek the maximum available benefits, this issue remains on appeal. See AB v. Brown, 6 Vet. App. 35, 38 (1993).

In February 2013, the Board denied the claim on appeal. The Veteran appealed the February 2013 Board decision to the United States Court of Appeals for Veterans Claims (Court). In a July 2014 memorandum decision, the Court set aside the Board's decision and remanded the claim to the Board for further proceedings consistent with the memorandum decision. 

In December 2014, the Board remanded the claim to the Agency or Original Jurisdiction (AOJ) for additional development. In May 2015, the Veteran submitted additional evidence along with a waiver of AOJ review. 38 C.F.R. § 20.1304(c) (2014). 

This appeal was processed using the Veterans Benefits Management System (VBMS) and the Virtual VA paperless claims processing system. The Virtual VA electronic folder contains VA treatment records dated from March 2006 to October 2013. Otherwise, the records are irrelevant or duplicative of those in VBMS. Any future consideration of this Veteran's case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action on his part is required.


REMAND

Unfortunately, the Board's review of the claims file reveals that further AOJ action is warranted, even though such action will, regrettably, further delay an appellate decision on the claim. A remand by the Board confers on the appellant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268 (1998). 

In the July 2014 memorandum decision, the Court noted that there was an internal inconsistency in the report of the November 2009 VA examination; the examiner had indicated that the claims file was reviewed, but that private medical reports were not. Notably, a July 2009 private medical report from Dr. R.O. was of record. In its December 2014 remand, the Board directed the AOJ to schedule the Veteran for an additional VA examination, if possible with the same examiner who conducted the November 2009 VA examination. The Board directed that the examiner clarify if he reviewed the July 2009 and October 2009 reports from Dr. R.O. in conjunction with his prior examination. The examiner was also requested to assess the current manifestations and severity of the Veteran's service-connected anxiety disorder. In doing so, the examiner was asked to render a multi-axial diagnosis, including assignment of a Global Assessment of Functioning (GAF) scale score that represents the level of impairment due to the Veteran's psychiatric symptoms, and an explanation of what the score means. 

A VA examination for anxiety disorder was conducted in March 2015 by a different examiner. The examiner indicated that she reviewed the Veteran's electronic folder (paragraph 1.a.); however, when asked to list the records that were reviewed, she noted that she only reviewed the Veteran's VA treatment records and not his civilian medical records. Thus, it is unclear whether she reviewed the private medical records from Dr. R.O. 
In addition, the March 2015 VA examiner did not assign a GAF score. The Board notes that the GAF scale was previously a component of the multi-axial diagnosis outlined in the Fourth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV). The GAF scale was removed from the more recent DSM-V, which VA is now using. Nevertheless, substantial compliance with the Board's remand directives is required. 

Based on the foregoing, the Board finds that a remand is needed for a supplemental medical opinion.

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for his psychiatric disorder. After acquiring this information and obtaining any necessary authorizations, the AOJ should obtain and associate these records with the claims file.

The AOJ should also obtain any outstanding and relevant VA treatment records, including from the Tampa VA Medical Center dated from January 2015 to the present. 

2. The AOJ should refer the Veteran's claims file to the March 2015 VA examiner or, if she is unavailable, to another suitably qualified VA examiner. 

If the March 2015 examiner is available, she should clarify if she reviewed the July 2009 and October 2009 reports from Dr. R.O. in conjunction with her examination. She should also review the evidence added to the claims file since the March 2015 VA examination, including the May 2015 report from Dr. R.O., and indicate whether there are any changes to her previous findings and opinions based on this evidence. She should also provide a GAF score that represents the level of impairment due to the Veteran's psychiatric symptoms, and an explanation of what the score means. If another VA examination is required, one should be provided.

If the March 2015 VA examiner is unavailable, the AOJ should arrange for the Veteran to undergo a VA examination, by a psychiatrist or psychologist, at a VA medical facility. The entire claims file must be made available to the individual designated to examine the Veteran, and a report of the examination should include discussion of the Veteran's documented medical history and assertions. The examiner should review and indicate that he or she has reviewed the July 2009, October 2009, and the May 2015 reports by Dr. R.O. 

All necessary tests and studies (to include psychological testing, if warranted) should be accomplished (with all findings made available to the requesting examiner prior to the completion of his or her report), and all clinical findings should be reported in detail. 

It should be noted that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a clinical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should render specific findings with respect to the existence and extent (or frequency, as appropriate) of: memory loss; depressed mood; anxiety; panic attacks; sleep impairment; impaired judgment, speech, impulse control and/or thought processes; neglect of personal hygiene and appearance; suicidal ideation; and delusions and/or hallucinations. The examiner should render a multi-axial diagnosis, including assignment of a GAF scale score that represents the level of impairment due to the Veteran's psychiatric symptoms, and an explanation of what the score means.

The examiner is further requested to indicate if the Veteran's psychiatric symptoms have resulted in total occupational and social impairment.

The examiner should set forth all examination findings, along with the complete rationale for the conclusions reached, in a printed, (typewritten) report.

A clear rationale for all opinions would be helpful, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1 , copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available to the examiner for review.

3. After completing these actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs. 

4. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefit sought is not granted, the Veteran should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).